### Case No. 14,692.

UNITED STATES v. BURR.

[Brunner, Col. Cas. 493;[1] 2 Wheeler, Cr. Cas.
573.]

Circuit Court, D. Kentucky.  Nov. 8, 1806.

CRIMINAL LAW—PROCESS, WHEN AWARDED.

Courts will not award criminal process on the
mere motion and suggestion of the district attor-
ney, unsupported by oath.

The attorney for the United States, on the
3d day of this term, having made a motion
for the caption and examination of the said
Burr, etc.[2]

Before INNIS, District Judge.

THE COURT this day delivered the follow-
ing opinion, which is ordered to be entered
of record, to wit:

The motion made by Mr. Attorney on the
3d day of this term is predicated upon the
fifth section of the act of congress [1 Stat.
384] entitled an act in addition to the act
for the punishment of certain crimes against
the United States: "That if any person shall
within the territory or jurisdiction of the
United States, begin or set on foot, or pro-
vide or prepare the means for any military
expedition or enterprise to be carried on from
thence against the territory or dominions of
any foreign prince or state, with whom the
United States are at peace, every such per-
son so offending shall, upon conviction, be
adjudged guilty of a high misdemeanor, and
shall suffer fine and imprisonment at the dis-

[1] [Reported by Albert Brunner, Esq., and here
reprinted by permission.]

[2] [For an extended account of the circumstan-
ces under which this motion was made, and the
incidents attending the proceedings in relation to
it, see the "Historical Sketch of Burr's Western
Expedition," which is appended, as a note, to
Case No. 14,692a.]

cretion of the court in which the conviction
shall be had, so as that such fine shall not
exceed three thousand dollars, nor the term
of imprisonment be more than three years."
The evidence in support of the motion is in
the following words, viz.:

"J. H. Daviess, attorney for said United
States, in and for said district, upon his cor-
poral oath, doth depose and say, that the
deponent is informed, and doth verily be-
lieve, that a certain Aaron Burr, Esq., late
vice-president of the said United States, for
several months past, hath been, and is now,
engaged in preparing and setting on foot,
and in providing and preparing the means
for a military expedition and enterprise,
within this district, for the purpose of de-
scending the Ohio and Mississippi therewith,
and making war upon the subjects of the
king of Spain, who are now in a state of
peace with the people of the United States,
to wit, on the province of Mexico, on the
westwardly side of Louisiana, which apper-
tain and belong to the king of Spain, a
European prince, with whom the United
States are at peace. And said deponent fur-
ther saith, that he is informed and fully be-
lieves, that the above charge can and will
be fully substantiated by evidence, provid-
ed this honorable court will grant compul-
sory process to bring in witnesses to testify
thereto. And this deponent further saith,
that he is informed, and verily believes, that
the agents and emissaries of the said Burr
have purchased up, and are continuing to
purchase, large stores of provisions, as if for
an army, while the said Burr seems to con-
ceal in great mystery from the people at
large his purposes and projects; and while
the minds of the good people of this district
seem agitated with the current rumor, that
a military expedition against some neighbor-
ing power is preparing by the said Aaron

Burr. Wherefore, said attorney, on behalf of said United States, prays that due process issue to compel the personal appearance of the said Aaron Burr in this court, and also of such witnesses as may be necessary in behalf of the said United States; and that this honorable court will duly recognize the said Aaron Burr, to answer such charge as may be preferred against him in the premises. And in the meantime, that he desist and refrain from all further preparation and proceeding in the said armament within the said United States, or the territories or dependencies thereof. J. H. Daviess, A. U. S.

"Affirmed to in open court. (Attest.) T. Tunstall, C. K. D. C.

"November 5, 1806."

The question to be considered: Has this court power to award process against the accused, and to compel the attendance of witnesses upon this motion; and if the court has such power, is the evidence adduced sufficient to warrant the measure? Four kinds of proceeding have been known and pursued in order to convict persons of crimes and misdemeanors: 1st. By an application to a justice or judge out of court. 2d. By preferring an indictment to a grand jury. 3d. By a presentment of the grand jury. And the 4th. By information. The present application is not embraced by either of those modes of proceeding. It is a new case resting on the discretion of the court; and, as this decision may be considered a precedent in future, I have thought it my duty to take time and mature the subject; because, the proposed measure being prevention, no injury could arise by a little delay. No instance has occurred (within my recollection, since I have become acquainted with judicial proceedings, when a crime or misdemeanor has been committed) of a motion being made to a court to award process to arrest the offender in the first instance; neither have I knowledge of the existence of a law to authorize it. In any case where a court awards process, it is predicated upon some previous act already done, which gives the court cognizance of the subject, and brings the case in a legal shape before that tribunal; this being performed, the power to adopt every necessary measure to attain the object and end of the law, and to perfect justice, is vested in a court. The magnitude of this cause, not only as it relates to the community, but to the accused, requires that the proceeding be pursued with regularity, caution, and circumspection. If the facts stated in the affidavit be true, the project ought to be prevented, and the offender punished. Yet, in doing this, the regular legal steps pointed out by usage, or by law, ought to be pursued. If, on the other hand, the accused be innocent, the strong arm of power ought to be confined within its proper limits, the known rules of proceeding; and on no occasion but extreme necessity ought a judge to be induced to exercise a power

which rests on discretion. The law then becomes unknown, and the best judge may be considered a tyrant, because it then depends upon his whim and his caprice. It will not be uniform, but it is liable to change with the opinion of every judge.

These reflections extend to the general principle arising out of the case. Admit, however, that they are erroneous; to award process would be improper; it would be an act of oppression, because there is not legal evidence before the court to authorize an arrest of the person accused. The evidence is the oath of a person who has been informed by one not upon oath; and the deponent believes the fact to be true. I make no doubt of the truth of the affidavit; that is, that the deponent has been informed that the fact stated is true; yet it is not legal evidence, and, not being legal evidence, the court cannot act upon it. Upon this view of the subject, I am compelled to declare, that as the cause is a new one, as no precedent has been shown to justify such a proceeding, as the law is silent upon the subject, and as there are two other modes of proceeding which are regular and well understood, viz., by applying to the judge out of court, and obtaining a warrant upon legal evidence, or by the court ordering a grand jury to be summoned instanter, and preferring an indictment, this motion is overruled.

The attorney for the United States then prayed the judge to issue his warrant to the marshal, to summon a grand jury, which was done accordingly.